MARK B. HELM (State Bar No. 115711)
Mark.Helm@mto.com
TAMERLIN J. GODLEY (State Bar No. 194507)
Tamerlin.Godley@mto.com
CLAIRE YAN (State Bar No. 268521)
Claire.Yan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiff
LOOPNET, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOOPNET, INC.,

    Plaintiff,

vs.

DOTLOOP, LLC dba THE DOTLOOP COMPANY,

    Defendant.

CASE NO. CV13-02107 DDP (SHx)

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

**DEMAND FOR A JURY TRIAL**

20416389.1

COMPLAINT FOR TRADEMARK INFRINGEMENT

1    This Court has original subject matter jurisdiction over this action
2 pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121, as it states claims arising under
3 the Lanham Act. Plaintiff LoopNet, Inc. ("LoopNet"), for its complaint against
4 defendant dotloop, LLC, d/b/a the dotloop company ("dotloop"), alleges as follows:

5 **I.    INTRODUCTION**

6    1.    Defendant dotloop is infringing LoopNet's federally registered
7 trademarks—trading on the tremendous goodwill and name recognition that
8 LoopNet has developed in those marks within the real estate industry over the last
9 18 years. LoopNet brings suit to stop this unlawful conduct.

10    2.    LoopNet operates the largest marketplace for commercial, land
11 and investment properties in the United States, which is available to the public at
12 www.loopnet.com. LoopNet's website is the most heavily trafficked commercial
13 real estate website in the country, with more than 3.3. million average monthly
14 unique visitors. In association with this business enterprise, LoopNet uses and
15 owns the rights to a variety of marks incorporating the term "Loop," including the
16 mark "LOOP" used alone, "LOOPNET," "LOOPLENDER," "LOOPLINK,"
17 "LOOPLINK SITEBUILDER," "LOOPNET PROPERTY 360," and "GET INTO
18 THE LOOP" (the "Loop Marks").

19    3.    LoopNet began using various of its Loop Marks as early as 1995
20 and obtained federal registrations beginning in 2003. Many of its Loop Marks have
21 become incontestable. LoopNet's Loop Marks are widely recognized and
22 associated with LoopNet's well regarded real estate services.

23    4.    Defendant dotloop is a relatively new entrant into the real estate
24 support services marketplace. The company was founded as "MLS Contracts" in
25 2008 to provide web-based real estate contract services. Disregarding LoopNet's
26 preexisting and widespread use of its Loop Marks with real estate related services
27 and rights therein, MLS Contracts changed its name to "dotloop" in 2009. Its
28 operations were fairly limited and unknown to LoopNet at the time. On May 9,

2011, dotloop filed for a trademark registration in the mark "DOTLOOP," and on September 20, 2011, the U.S. Patent and Trademark Office published that trademark for opposition. LoopNet opposed that registration, which proceedings are pending.

5. dotloop's efforts to exploit LoopNet's experience and reputation within the real estate field have not been limited to using marks confusingly similar to the Loop Marks. Indeed, it is LoopNet's understanding that dotloop also actively engaged with a former LoopNet board member—when he was still serving on the LoopNet board and subject to various duties to LoopNet—to try to capitalize on that board member's LoopNet experience in growing real estate technology companies. As soon as he left the LoopNet board, this board member invested $7 million in dotloop and joined its board of directors. Likewise, dotloop has consulted with a number of LoopNet's former executives and even recruited and hired away LoopNet's lead product developer from his position at LoopNet.

6. While dotloop may want to shortcut its path to financial success, it cannot do so by improperly exploiting and trading upon the goodwill developed by LoopNet in its marks over the course of almost two decades. To date, dotloop has refused to stop using the infringing dotloop mark, continuing to create a likelihood of confusion with the Loop Marks and benefiting from that confusion. LoopNet has no choice but to bring this suit to halt the infringement of its valuable Loop Marks.

## II. THE PARTIES

7. LoopNet, Inc. is a Delaware corporation with its principal place of business in Glendora, California.

8. Upon information and belief, dotloop, LLC is a Ohio corporation with its principal place of business in Cincinnati, Ohio.

## III. JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over this action

1  pursuant to 28 U.S.C. § 1331 as an action that arises under the laws of the United
2  States. The Court further has original federal jurisdiction pursuant to 15 U.S.C. §
3  1121 as a case arising under the Lanham Act.
4        10.   Venue is proper in this District pursuant to 28 U.S.C. §1391
5  because a substantial part of the events giving rise to the claims occurred in this
6  District, and a substantial part of the property that is the subject of the action is
7  situated in this District.
8  **IV.   GENERAL ALLEGATIONS**
9      A.   **LoopNet's Marks And Its Services**
10       11.   LoopNet is an important and established fixture in the real estate
11 industry, relied upon by professionals and lay people alike for the most
12 comprehensive database of properties and for related real estate services.
13 LoopNet's paid and unpaid user base represents a broad cross section of the real
14 estate industry and includes those who focus on commercial, investment, and
15 residential properties. Some of LoopNet's largest customers include residential-
16 focused brokerage firms such as Keller Williams, RE/Max, and Century 21.
17       12.   LoopNet has built its marketplace and business around products
18 developed and marketed under brands containing the term "Loop," including its
19 core LoopNet marketing and search services, its LoopLink property listing service,
20 its LoopLender mortgage lender marketing service, its LoopNews real estate news
21 service, and a variety of other products, services, and features.
22       13.   LoopNet's suite of services has been evolving and increasing
23 over the years to provide more and more solutions to its real estate clientele: from
24 online listing services to e-mail marketing services, web site management tools,
25 and, more recently, LoopNet's Pro Tools, which allow LoopNet Premium users to
26 create and manage documents and websites related to the real estate listing process.
27 The flexibility of the Pro Tools system allows LoopNet to incorporate more and
28 more functionality and documents into the on-line LoopNet experience and offer

LoopNet Premium users a one stop shop for managing the real estate transaction process. Indeed, LoopNet is currently in the process of developing additional features for its Pro Tools service that would provide and host transactional documents on-line.

14. Based on its use in commerce of its trademarks, the U.S. Patent and Trademark Office has granted LoopNet registered trademarks in the marks "LOOPNET" (U.S. Registrations 2,798,101 and 2,779,845); "LOOPLENDER" (Reg. No. 2,494,775); "LOOPLINK" (Reg. No. 2,700,154); "LOOPLINK SITEBUILDER" (Reg. No. 2,734,305); "LOOPNET PROPERTY 360" (Reg. No. 4,064,091); and "GET INTO THE LOOP" (Reg. No. 2,340,750). Many of these marks have become incontestable.

15. LoopNet's pervasive use in commerce of the term "loop" also led it to register that trademark with the U.S. Patent and Trademark Office. LoopNet received Registration Number 3,478,103 on "LOOP" on July 29, 2008. That registration covers LoopNet's use of the mark "LOOP" with a number of services including, among other things, "providing a subscriber based real estate website which permits the user to enter, store, manage, access, and/or manipulate data and information on real estate properties and prepare reports thereon."

### B.  dotloop's Infringing Mark

16. Defendant dotloop began as "MLS Contracts" in 2008 to provide web-based real estate contract services. It changed its name to dotloop in 2009 after LoopNet had been using the Loop Marks with real estate services for over a decade. Dotloop's operations were small and unknown to LoopNet at the time. On May 9, 2011, however, dotloop filed for a trademark registration, which application was published for opposition on September 20, 2011. LoopNet opposed that registration.

17. The founder of dotloop was no stranger to LoopNet when dotloop adopted the "DOTLOOP" mark. In fact, he was a LoopNet registered

1  member when working at a Cincinnati-area real estate firm just before he launched
2  his dotloop business. The substantial commercial success of LoopNet was widely
3  known at the time and, upon information and belief, dotloop's founder was well
4  aware of this success and the draw of LoopNet's "Loop" brands when adopting the
5  "DOTLOOP" mark.

6      18. dotloop's trademark application purports to register a mark for
7  "[c]omputer services, namely, hosting and maintaining an on-line website for others
8  to upload, store and share real estate-related documents and information,
9  electronically sign real estate-related documents and create and maintain real estate-
10 related documents and contracts." Likewise, on its website dotloop claims to offer
11 services that allow real estate "brokers, agents, buyers and sellers to complete a
12 transaction in one place." The website further states that dotloop's services allow
13 users to interact with real estate transaction documents in a "loop," and to e-sign
14 and store transactional documents.

15     19. The target audience for dotloop's services is the same real estate
16 agents, brokers and non-professionals seeking to be involved in real estate
17 transactions that make up LoopNet's subscriber and user base. For example,
18 dotloop identifies Keller Williams—a major LoopNet customer—as a client on its
19 website, and, upon information and belief, LoopNet and dotloop share a substantial
20 overlap in their client bases.

21     20. Defendant's use of the dotloop trademark in its business places
22 an emphasis on the "loop" portion of that mark. The graphic used by dotloop for

the "DOTLOOP" trademark draws attention to the letters "l-o-o-p":



21.   In addition, dotloop describes the process of creating a set of transactional documents as creating a "loop." Its website encourages prospective clients to "Visit the Loop," and states that "With dotloop, you are invited into a loop, where the most recent version of each document waits for you to review, edit and sign." The references to "loop" are pervasive on the dotloop website. In fact, when prospective clients of dotloop are interested in subscribing, those clients may be directed to a webpage that asks them if they are "Thinking about joining the Loop?"

22.   Even internally, dotloop's focus appears to be on the "loop" portion of the "DOTLOOP" mark. The company refers to its employees in a variety of public documents as "loopers" and identifies itself as the "loop." For example, when describing "Kelly M.," dotloop notes that when "she's not helping us out in the loop," she is spending time with her kids, and when describing "Nick L.," dotloop states that when "he's not busy in the loop," he is remodeling his house.

23.   Plaintiff can find no evidence on dotloop's website or in its public documents of any emphasis on the "dot" portion of the "DOTLOOP" or separate use of the letters "dot."

C.   **dotloop's Exploitation Of LoopNet's Success**

24.   dotloop has also actively tried to exploit LoopNet's hard-earned

20416389.1                                - 6 -                    COMPLAINT FOR TRADEMARK
                                                                                  INFRINGEMENT

experience and success in other ways. Upon information and belief, beginning in late 2011 and continuing into 2012, dotloop met with Noel Fenton—a member of LoopNet's board of directors at the time and subject to duties to LoopNet—to solicit an investment from his venture firm and engage with him to obtain his experience in growing real estate technology companies.

25. On April 30, 2012, LoopNet was acquired by CoStar Group, Inc. and the LoopNet board disbanded. Shortly thereafter Mr. Fenton's firm invested $7 million in dotloop and he joined dotloop's board of directors. dotloop also consulted with multiple LoopNet executives after they left LoopNet's employment, and dotloop recruited and hired LoopNet's lead product developer, Justin Hu from his employment with LoopNet.

26. While dotloop may want to capitalize on LoopNet's established success in the real estate industry, it cannot do so through trademark infringement. dotloop's use of the "DOTLOOP" mark with real estate services, especially in light of its emphasis on the "loop" portion of that mark, is likely to cause confusion with LoopNet's Loop Marks—impermissibly infringing LoopNet's valuable intellectual property.

## COUNT I

### Federal Trademark Infringement (15 U.S.C. § 1114)

27. LoopNet re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 26 of the Complaint.

28. LoopNet is the owner of federally registered trademarks in the Loop Marks—"LOOP;" "LOOPNET;" "LOOPLENDER;" "LOOPLINK;" "LOOPLINK SITEBUILDER;" "LOOPNET PROPERTY 360;" and "GET INTO THE LOOP."

29. dotloop has intentionally and wrongfully infringed LoopNet's trademarks in the Loop Marks individually and collectively, by using in commerce trademarks, including but not limited to "dotloop" and "loop," that are likely to

1  cause confusion, mistake and deception among consumers as to the identity,
2  sponsorship and/or origin of dotloop's services. dotloop's actions constitute
3  trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C.
4  § 1114.

5      30.   dotloop's acts, as set forth above, have caused irreparable injury
6  to LoopNet's goodwill and reputation that is ongoing.

7      31.   dotloop's wrongful acts have and will continue to cause
8  LoopNet monetary damages in an amount to be determined at trial.

9      32.   dotloop's actions have been and continue to be deliberate,
10 willful and wanton, making this an exceptional case within the meaning of 15
11 U.S.C. § 1117.

## COUNT II

### Federal Unfair Competition (15 U.S.C. § 1125)

14     33.   LoopNet re-alleges and incorporates by reference herein the
15 allegations contained in paragraphs 1 through 32 of the Complaint.

16     34.   The Loop Marks, as used by LoopNet in connection with
17 providing online real estate services are arbitrary and distinctive marks and have
18 become associated with LoopNet and thus exclusively identify LoopNet's business,
19 products, and services.

20     35.   Because of dotloop's wrongful use of marks confusingly similar
21 to the Loop Marks, including but not limited to "dotloop" and "loop," consumers
22 are deceptively led to believe that dotloop's services originate with or are sponsored
23 or otherwise approved by LoopNet, in violation of section 43(a) of the Lanham Act,
24 15 U.S.C. § 1125(a).

25     36.   The foregoing acts and conduct by dotloop constitute false
26 designation of origin, passing off, and false advertising in connection with products
27 and services distributed in interstate commerce, in violation of section 43(a) of the
28 Lanham Act, 15 U.S.C. § 1125(a).

37. dotloop's acts, as set forth above, have caused irreparable injury to LoopNet's goodwill and reputation that is ongoing.

38. dotloop's wrongful acts have and will continue to cause LoopNet monetary damages in an amount to be determined at trial.

39. dotloop's actions have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

**WHEREFORE**, LoopNet asks that this Court:

(1) Enter a judgment against dotloop that it has violated Section 32(a) of the Lanham Act (15 U.S.C. § 1114);

(2) Enter a judgment against dotloop that it has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125);

(3) Grant a preliminary and permanent injunction restraining and enjoining dotloop and any of its agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, from using "dotloop," "loop," or any similar marks in connection with Defendant's goods and services;

(4) Enter judgment against dotloop and in favor of LoopNet for compensatory damages;

(5) Enter judgment against dotloop and in favor of LoopNet for prejudgment interest, costs, and attorneys' fees; and

(6) Grant LoopNet such other and further relief as is just.

DATED: March 22, 2013

Munger, Tolles & Olson LLP

By: *[signature]*
TAMERLIN J. GODLEY

Attorneys for Plaintiff
LOOPNET, INC.

20416389.1

- 10 -

COMPLAINT FOR TRADEMARK INFRINGEMENT

## DEMAND FOR TRIAL BY JURY

Plaintiff LoopNet, Inc. hereby demands a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues and claims alleged in its Complaint.

DATED: March 22, 2013                     Munger, Tolles & Olson LLP

By: *[signature]*
TAMERLIN J. GODLEY

Attorneys for Plaintiff
LOOPNET, INC.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| LOOPNET, INC. <br><br> *Plaintiff(s)* <br> v. <br> DOTLOOP, LLC dba THE DOTLOOP COMPANY <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) <br> **CV13-02107 DDP (SHx)** <br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* DOTLOOP, LLC dba THE DOTLOOP COMPANY




A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:




If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

**JULIE PRADO**

Date: MAR 2 2 2013

_____
*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
LOOPNET, INC.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
DOTLOOP, LLC dba THE DOTLOOP COMPANY

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Tamerlin J. Godley (SBN 194507)    Telephone: (213) 683-9100
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1114 and 1125

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:    CV13-02107

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Francisco County | Cincinnati, Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: March 22, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |